the position taken by a person on the left-hand side of the road was justified by reason of the driver's intention to overtake and pass another vehicle. But in view of the facts in the case at bar, no such conclusion could reasonably have beeen arrived at by the jury, and therefore we are of the opinion that the instructions were proper.

Finding no reversible error, the judgment will be affirmed.

*Affirmed.*

## Margaret E. French, Appellee, v. Modern Woodmen of America, Appellant.

### Gen. No. 20,417.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed with finding of facts. Opinion filed June 17, 1915.

### Statement of the Case.

Action in assumpsit by Margaret E. French against Modern Woodmen of America to recover upon a benefit certificate issued upon the life of George Edwin French and payable to plaintiff as beneficiary. From a judgment for plaintiff, defendant appeals.

In his application for a benefit certificate, the insured warranted that the answers to questions propounded to him in the medical examination were correct and true, and he agreed that if any of these answers were not true, the certificate issued should be null and void, in which event neither he nor his beneficiary should be entitled to any benefits under the certificate. The application containing the questions

and answers made thereto in the medical examination was signed by the insured.  Question No. 14 in said application consisted of three parts, viz.:

"(a)   Have you, within the last seven years, been treated by or consulted any physician or physicians in regard to personal ailment?

"(b)   If so, give dates, ailment, duration of attack, and physician's or physicians' name and address.

"(c)   Was recovery complete?"

The answer of the insured to (a) was "No."  The insured had, within seven years prior to the making and signing of the application heretofore referred to, consulted a doctor for personal ailment and he was treated by him for a personal ailment within that period.

TRUMAN PLANTZ, GEORGE C. PERRIN and A. W. FULTON, for appellant.

No appearance for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

INSURANCE, § 241*—*when false answer as to consulting physician bars recovery*.  The false answer in an application for life insurance as to having consulted a physician within a specified time before the date of the medical examination, the applicant having warranted that his answers were true, and having agreed that if the answers were untrue all rights to himself or to his beneficiary should be forfeited, is a bar to recovery on the benefit certificate issued.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.